**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| Plaintiff, | **No. 2:25-cv-1228-JRG-RSP** |
| vs. | |
| **MICROSOFT CORPORATION,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**<u>DISCOVERY ORDER</u>**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.      **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)      the correct names of the parties to the lawsuit;

(b)      the name, address, and telephone number of any potential parties;

(c)      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

1

(e)  any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)  any settlement agreements relevant to the subject matter of this action; and

(g)  any statement of any party to the litigation.

2.  **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)  if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)  for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.  **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a)  provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of

3

the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages' expert.

**4.**     **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5.**     **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a)     Written Discovery:

      i.     Each side shall be limited to 35 interrogatories. "Side" means a named party or group of named parties and includes entities that are corporate affiliates of a named party. To the extent a side consists of multiple parties, each party must serve its own response to each interrogatory; alternatively, all parties on a side may jointly serve a response to each interrogatory that responds for all parties on a side.

      ii.     Each side shall be limited to 40 requests for admission, and an additional 100 requests for admission that seek an admission as to the authenticity of a particular document or thing. To the extent a side consists of multiple parties, each party must serve its own response to each request for admission; alternatively, all parties on a side may jointly serve a response to each request for admission that responds for all parties on a side.

(b)     Depositions of Party Witnesses and Third Parties:

      i.     Each side shall be limited to 100 hours of deposition time for depositions of party witnesses (excluding expert depositions) and third parties, no more than 85 hours of which may be used for party witnesses.[3]   Party fact

---

[3] The parties agree to confer in good faith to the extent additional time beyond the 100 hours is required to complete party depositions.

witnesses include a party's corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and representatives deposed in their individual capacity under FRCP 30(b)(1).

ii.   The parties may also conduct third party discovery including depositions and document subpoenas. For any third-party, the parties will serve each other with copies of any third-party subpoenas on the same day the subpoena or notice is served on the third-party. The parties will promptly serve each other with copies of any documents produced by third-parties (including former employees of the opposing party) pursuant to subpoena A party scheduling the deposition of a third-party agrees to work in good faith with the other party to schedule any third-party depositions at mutually agreeable dates and to ensure the parties have sufficient time to review any documents produced by a third-party in advance of a deposition.

iii.  A party may offer a fact or expert witness declaration in support of its claim construction positions without counting towards the above limits, and the opposing party may depose that witness for up to seven (7) hours on the record without counting against the time limits expressed in subsections (c) and (d).

iv.   In the event that either side asserts that additional depositions or deposition time becomes necessary, the parties agree to meet and confer in good faith regarding those additional depositions or additional deposition time. Any party may make application to the Court for additional depositions and/or

deposition time, which shall be granted upon a showing of good cause. The parties may also modify these number and time restrictions by agreement.

v.   If a party identifies in its Initial Disclosures (or otherwise in discovery) more than 10 fact witnesses who are: (i) affiliated with that party; or (ii) third-parties with knowledge of facts related to the case, then the parties agree to meet and confer in good faith during the fact discovery period to identify which of these persons are most likely to be called as trial witnesses, such that each likely trial witness is subject to deposition during the fact discovery period. If however a party subsequently identifies a witness who was not deposed in the fact discovery period on its may or will call trial witness list, the parties agree that any such witness will be subject to an out-of-time deposition reasonably in advance of trial at a time and place to be determined by the parties following a good faith meet and confer.

(c)   Depositions of Expert Witnesses:

i.   Each side may depose each of the other Side's experts for up to seven (7) hours; provided, however, that if an expert submits multiple reports on different issues (*e.g.*, validity and infringement), ten (10) hours of deposition testimony shall be permitted.  In the event that one expert covers a large number of issues, the parties agree to meet and confer in good faith regarding additional deposition time for that expert as necessary.

(d)    Depositions Generally:

    i.    No witness shall be subjected to more than 7 hours of deposition time on the record on a single day, including if that witness is to testify on multiple days, without the consent of the witness and all parties.

    ii.    Depositions involving non-English testimony will count as 1 hour for each 1.5 hours on the record. For example, three hours of such deposition time will count as two hours for purposes of deposition limits, with no more than 7 hours of translated testimony on any one day, absent consent of the deponent.

    iii.    If additional time is needed for a translated deposition, the parties will meet and confer and will not unreasonably refuse requests for additional time for translated depositions. The parties can take unlimited depositions on written questions of custodians of business records for third parties.

    iv.    Depositions may be taken in person or remotely over Zoom or similar web-based video conferencing software. If a party wants to take a deposition in person, they must notify the other side in the deposition notice and the deposition will take place at a location selected by the deponent.

6.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

   (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures,

serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)     An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)     Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)     Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's

lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)     Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

(a)     <u>Service by Electronic Mail</u>: The parties will make every effort to serve all documents electronically, by email or through ECF. The parties will serve by email any documents filed under seal promptly after filing. A party may serve all documents by email on another party by sending the documents to the email group

address designated by a party, or if no such group is designated, to email addresses for all counsel of record for the party.[4]

(b)    Document Production: Documents shall be produced in one of the following forms at the option of the receiving party: (1) single-page Tagged Image File Format ("TIFF") format; or (2) multi page PDF files. For documents produced as TIFF files, these files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Text files shall be provided along with the TIFF files. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Each document image shall contain a footer with a sequentially ascending production number.  Documents shall be produced in color to the extent they include colored text or images as maintained in the ordinary course of business. Absent a showing of good cause, voice-mails, PDAs, mobile phones, and communications on chat services (e.g., Skype, WhatsApp, iMessage, Snapchat, Facebook, Slack, Teams) are deemed not reasonably accessible and need not be collected and preserved.

(c)    Non-Waiver of Privilege: This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(d).  Inadvertent production of materials covered by the attorney-client privilege, work-product protection,

---

[4] Service via FTP site with emailed link and (if applicable) password information, or other appropriate electronic means shall be deemed as comporting with the requirements of electronic service.

common interest privilege, or a similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by promptly (after learning of the inadvertent production) notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which notice is given that the producing party intends to assert privilege or work-product protection, at the receiving party's request, the producing party must immediately supply a privilege log supporting the claim of privilege with respect to the documents at issue, thereby enabling the receiving party to dispute the assertion of privilege in accordance with Paragraph 6 of this Order. Within three (3) business days of receiving notice of inadvertent production of protected materials, the receiving party shall promptly return or destroy the produced materials and destroy any copies and/or work product created from such material. However, if the claim of privilege is disputed by the receiving party, the receiving party may continue to retain the disputed materials until the dispute is resolved pursuant to FRCP 26(b)(5)(B).

(d)    Privilege Logs: No party has a duty to log any privileged documents or information dated on or after the filing of the Complaint. No party has a duty to log any communications with litigation counsel that relates to the subject matter of this case before or after the filing of the complaint absent a showing of good cause to log for

communications with litigation counsel prior to the complaint. Additionally, no party has a duty to log communications with patent prosecution counsel dated after the filing of the complaint absent a showing of good cause. The parties agree to meet and confer in good faith regarding the logging of communications with patent prosecution counsel dated prior to the filing of the complaint.

(e)     <u>Limitations on Expert Discovery</u>:

  i.     Subject to provision 12(d)(iii) below, drafts of reports prepared by an expert or their assistants who will give testimony in this action (collectively, "Testifying Expert"), as part of the Testifying Expert's investigation and/or in developing the Testifying Expert's opinions and reports, shall not be subject to discovery. This limitation applies regardless of whether such draft reports have been disclosed, or otherwise transmitted to, or contain any notes, writing, or markings created by in- house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert.

  ii.    Subject to provision 12(d)(iii) below, notes, preparatory materials, and other documents prepared by or for a Testifying Expert, or his or her assistants, as part of the investigation, in preparing an expert report, and/or in preparing for the expert's deposition shall not be subject to discovery.

  iii.   Discovery of materials provided to Testifying Experts is limited to those materials, facts, consulting expert opinions, and other matters relied upon by the Testifying Expert in formulating his/her final report, trial or

13

deposition testimony, or any opinion in this action. Details regarding compensation and fee agreements remain discoverable.

iv.   No discovery may be taken from or about any consulting expert that will not provide testimony and/or an expert opinion in the above captioned action ("Consulting Expert") except to the extent that the Consulting Expert has provided information, opinions, or other materials that a Testifying Expert relied on in formulating his/her final report, trial or deposition testimony, or any opinion in this action. In such a case where a Consulting Expert has provided materials or information that a Testifying Expert has relied on in formulating his/her final report or trial/deposition testimony, discovery may be taken of the Consulting Expert regarding those materials and information. The limitations herein do not preclude a party from discovery of prior opinions or testimony of an expert in matters other than the above-captioned action, to the extent the prior opinions or testimony are related to and/or may be inconsistent with the opinions given in this action.

v.   Written or oral communications exchanged between any Testifying Expert or Consulting Expert, his or her assistants, and/or in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert or Consulting Expert, are not subject to discovery unless the conversations or communications are relied upon by a Testifying Expert in formulating his/her final report, trial or deposition testimony, or any opinion in this action.

14

vi.    For the avoidance of doubt, (a) emails, lists, agendas, outlines, memoranda, presentations, letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert and (b) any other types of preliminary work product created by or on behalf of any expert, are not subject to discovery unless relied upon by a Testifying Expert in formulating his/her final report, trial or deposition testimony, or any opinion in this action.

vii.    Communications and materials exempt from discovery under this provision shall be treated as attorney work product and need not be listed on any privilege log.

13.    **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.