**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| **Plaintiff,** | **No. 2:25-cv-1228-JRG-RSP** |
| **vs.** | |
| **MICROSOFT CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiff NovaCloud Licensing LLC ("NovaCloud" or "Plaintiff") and Defendant Microsoft Corporation ("Microsoft" or "Defendant") (collectively, the "Parties"), believe that discovery in this action is likely to involve the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.   The following definitions apply throughout this Order.

   (a)   "Protected Material" means confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document(s), information, or material. For the avoidance of doubt, "Protected Material" is a collective, catch-all term encompassing materials that are eligible for designation at least as "CONFIDENTIAL" under this Order.

   (b)   "CONFIDENTIAL" information is information that is non-public, proprietary, commercially sensitive, or otherwise confidential information that is not generally known and that the producing Party maintains in confidence in the ordinary course of its business or is obligated to keep confidential. By way of example and without limitation, "CONFIDENTIAL" information may include: (i) non-public technical, product, design, or development information; (ii) non-public business plans, marketing plans, or strategies; (iii) non-public financial information, budgets,

1

forecasts, pricing, revenue, costs, or profit data; (iv) non-public customer, supplier, or partner information, including contracts and communications; (v) non-public licensing terms, negotiations, or valuations; (vi) personal data or personally identifiable information protected by law; and (vii) other information that, if disclosed beyond the limitations of this Order, could reasonably be expected to cause competitive, commercial, privacy, or other harm.

(c)    "Highly Sensitive Material" means material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

(d)    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or "AEO") information is information that is extremely sensitive and the disclosure of which to another Party or non-Party would create a substantial risk of serious competitive or other significant harm that could not be avoided by less restrictive means. By way of example and without limitation, AEO information may include: (i) current or future detailed technical specifications, architecture, or non-public implementation details for products in development; (ii) detailed, non-public pricing, margins, costs, profitability analyses, or non-public competitive analyses; (iii) sensitive business plans or strategies, including unreleased product roadmaps and go-to-market plans; (iv) non-public customer or supplier lists, key account information, or terms of strategic relationships; (v) non-public licensing strategies or highly sensitive terms of licenses, settlements, or acquisitions; and (vi) other information of similar sensitivity the disclosure of which to business personnel of a receiving Party would risk significant competitive injury.

(e)    "HIGHLY CONFIDENTIAL – SOURCE CODE" information is information that the producing Party in good faith believes in fact is or contains computer source code; hardware description language ("HDL") code; executable, interpretable, or compilable code; machine readable code; and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material").

(f)    "Designated Material" means Protected Material that has been designated in accordance with this Order as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(g)    "Source Code Material" means documents containing confidential, proprietary, and/or trade secret source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any programmer notes, annotations, and other comments of any type accompanying the code.

(h)    "Source Code Document" means a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document that includes excerpts of Source Code Material.

2.    <u>Designation Mechanics</u>. Each Party may designate for protection under this Order, in whole or in part, any document(s), information, or material that constitutes or includes, in whole or in part, Protected Material. Such material shall be designated by the Party producing it by affixing a legend or stamp on such document(s), information, or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The designation shall be placed clearly on each page of the Designated Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" material. If such electronic files or documents are printed (for example, for use at a deposition, in a court proceeding, or for provision in printed form to an approved expert or consultant), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production-identifying numbers associated with the native electronic files or documents. Documents, information or material so marked are "Designated Material."

3

3.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

4.    Scope. With respect to Designated Material, subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Designated Material shall also be considered Designated Material and treated as such under this Order.

5.    Inadvertent Failure to Designate. A designation of Protected Material may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it may request destruction of that Protected Material by promptly notifying the recipient(s), after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement version(s) that are properly designated under this Order. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information, or material derived from or based thereon.

4

6.     <u>Disclosure of "CONFIDENTIAL" Material</u>. Documents, information, and material designated as "CONFIDENTIAL" under this Order may be disclosed only to the following persons, except upon (i) prior written consent of the designating Party or (ii) order of the Court:

(a)     outside counsel of <u>record</u> in the above captioned action ("Action") for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking attached at Appendix A hereto (the "Undertaking") and the same is served upon the Parties;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent. Each designated representative shall be disclosed five (5) business days prior to receiving access to any Protected Material;

(e)     mock jurors, provided that (a) an appropriate screening shall be used to ensure that the mock jurors are not current or former officers, directors, employees, or consultants of any party or direct competitors of any party, and (b) they sign an undertaking to maintain confidentiality consistent with this Order and are not permitted to retain Protected Material;

(f)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action, or by a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party;[1] and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a notice that shall include: (a) the individual's name, business title, and current employer(s); (b) business address; (c) the individual's

---

[1] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party or a competitor of a Party on another litigation would not be precluded under this section.

CV; (d) a list of other cases in which the individual has testified (at trial or deposition) within the last five years; and (e) a list of all companies with which the individual has consulted or by which the individual has been employed, including in connection with a litigation, within the last four years. The Undertaking and notice shall be served at least seven (7) days before access to the Designated Material is to be given to that expert or consultant. Within seven (7) days of being served with the notice of the intended disclosure, the producing Party may object to disclosure of Designated Material to the consultant or expert. The Parties shall promptly confer and use good faith to resolve any such objection. A producing Party's objection to the disclosure of Designated Material to an outside consultant or expert must state with particularity the ground(s) of the objections. If no Party raises such an objection within seven (7) days of receiving notice of the intended disclosure, the outside consultant or expert shall be deemed qualified to receive the Designated Material described in the notice. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the objection, or within such other time as the Parties may agree, seeking a protective order. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within seven (7) days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such seven (7) day period, shall operate to allow disclosure of the Designated Material to the outside consultant or expert objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality consistent with this Order;

(h)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, interpreters or translators, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(i)     the Court and its personnel.

7.     Good-Faith Designations. A Party shall designate Protected Material only upon a good faith belief that the documents, information or materials contain confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality.

8.     Use Restrictions. Designated Material shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains

6

access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified as Designated Material and subject to all of the terms and conditions of this Order.

9.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code; hardware description language ("HDL") code; executable, interpretable, or compilable code; machine readable code; and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL - SOURCE CODE."

10. Source Code in Filings. A receiving Party may include excerpts of Source Code Material in Source Code Documents, provided that the Source Code Documents are appropriately marked, restricted to those entitled to access under this Order, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE," or (2) those pages containing quoted Source Code Material will be separately stamped and treated as such.

11.    <u>Access to AEO Material</u>. For material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Designated Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-i).  The individuals listed in paragraph 6(e) may only review presentations or summaries derived from information or documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided they are not themselves given custody of any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or of any such derivative materials. Financial amounts must be altered in derivative materials but may be within the same magnitude as those in the underlying "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents.

12.    <u>Access to Source Code</u>. For material designated under this Order as "HIGHLY CONFIDENTIAL – SOURCE CODE," access to, and disclosure of such material shall be limited to only the individuals listed below ("Authorized Reviewers"):

(a)    outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists, and clerical employees of their respective law firms;

(b)    up to five (5) outside experts or consultants per Party,[2] pre-approved pursuant to paragraph 6 of this Order; and

(c)    the Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Material; copies of exhibits containing Source Code Material shall not be retained by the court reporter or attached to the deposition transcript; rather, the deposition record will identify the exhibit by its production numbers.

---

[2] For the purpose of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within their firm to help in their analysis shall count as a disclosure to a single consultant or expert.

(d)     While testifying at deposition or trial in this action, only: (i) any current or former officer, director, or employee of the producing Party or original source of the information; (ii) any person designated by the producing Party to provide testimony pursuant to Rule 30(b)(6); and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code Material pursuant to this subparagraph shall not retain or be given copies of the Source Code Material, except while so testifying.

13.     Purpose Limitation (Source Code). Access to and review of Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in this Action. No person shall review or analyze any Source Code Material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code Material in this case in any other dispute, proceeding, or litigation.

14.     Source Code Inspection Protocols. The inspection of Source Code Material shall be governed by the following provisions:

(a)     All Source Code Material shall be made available by the producing Party to the receiving Party's outside counsel and experts on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). A second "stand-alone" computer may be provided at the same location at a receiving Party's request to accommodate simultaneous review by multiple reviewers. All stand-alone computers on which Source Code Material is made available shall be subject to the restrictions described herein. The stand-alone computers may be connected to a monitor (of size no less than 27 inches), keyboard, and mouse, and must conform to reasonable, modern specifications. The stand-alone computer(s) shall only be made available at the offices of the producing Party's outside counsel or at the offices of a secure, reputable vendor under the control of the producing Party's outside counsel, or at such other location mutually agreed by the Parties. The Parties shall cooperate in good faith to ensure that the location does not unreasonably hinder efficient review.

(b)     The receiving Party's outside counsel, consultants, and/or experts shall be entitled to take notes relating to the source code, provided that no Source Code is copied or transcribed verbatim into such notes (file names and function names may be referenced, but may not be used to replicate the Source Code Material in the notes). Notes may not be taken on the stand-alone computer itself.  Reviewing experts and outside counsel may take such notes during review on a stand-alone laptop that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet (the "Note-Taking Computer"), All such notes shall be marked

9

"HIGHLY CONFIDENTIAL – SOURCE CODE" and may be removed from the Source Code Review Room. The producing Party may implement reasonable security procedures and may observe reviewers during sessions, but shall not review or monitor their screens or notes. Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving Party's outside counsel, consultants, and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing Party shall not be responsible for any items left in the room following the inspection. Any such notes, copies, or printouts may only be created or retained by the receiving Party in accordance with the provisions of this order, and all notes, copies, or printouts reflecting information that is designated HIGHLY CONFIDENTIAL – SOURCE CODE must be marked with the appropriate designation. Nothing in the foregoing shall relieve the receiving Party of its obligations to promptly identify for printing portions of source code.

(c)    The producing Party will make the stand-alone computers available between the hours of 9:00 a.m. and 5:00 p.m. on business days (*i.e.*, weekdays that are not Federal holidays), and will reasonably accommodate requests for other times. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The receiving Party shall provide notice to the producing Party of its request to inspect source code ten (10) business days in advance of the first requested inspection and three (3) business days in advance of each subsequent requested inspection, and shall identify the individuals who will be reviewing the source code, as well as a good faith estimate of the anticipated length of the review. The producing Party will make reasonable efforts to accommodate requested date and times. The receiving Party's qualified persons shall sign, on each day they view Source Code Material, a log with names and entry/exit times.

(d)    Proper identification of all authorized persons shall be provided prior to any access to the room containing a stand-alone computer. Proper identification requires, at a minimum, a government-issued photo identification card. Access may be denied, to any individual who fails to provide proper identification.

(e)    Except for the Note-Taking Computer described above, the receiving Party may not bring any electronic devices, including but not limited to cellular devices, personal digital assistants (PDAs), tablets, laptops, USB flash drives, zip drives, portable printers, devices with camera functionalities, or the like into the room where stand-alone computers are provided. The receiving Party will not copy, remove, or otherwise transfer any Source Code Material from a stand-alone computer. The receiving Party will not remove copies of all or any portion of the Source Code Material from the room in which the Source Code Material is inspected. Further, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as reasonably necessary to create documents that must be filed or served electronically (such as

10

expert reports, discovery responses and motions, summary judgment motions, demonstrative or other exhibits, or infringement contentions), provided that such documents include the minimal amount of Source Code Material reasonably necessary, are appropriately marked, and, if filed, are filed under seal. Wherever possible, the receiving Party will make reasonable and good-faith efforts to limit information to references to production numbers, file names, and line numbers.

(f)     The producing Party shall provide information explaining how to start, log on to, and operate the stand-alone computer(s). All access to the source code shall be maintained on a source code Access Log identifying, for each and every time any source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; and (3) the date and time at which such access ended. The producing Party shall be entitled to have a person observe all entrances and exits from the reviewing room and may visually monitor the activities of the receiving Party's representative during any source code review, but only to ensure that there is no electronic device in the room beyond the standalone computer and that there is no unauthorized recording, copying or transmission of the source code.

(g)     The producing Party will produce Source Code Material in native, computer searchable format on the stand-alone computer(s).

(h)     Source Code Material may only be transported between persons authorized under this Order on paper or on encrypted removable electronic media (*e.g.*, encrypted DVD, encrypted CD-ROM, or encrypted flash drive) via hand carry or reputable courier (*e.g.*, Federal Express, but not United States Postal Service). Source Code Material shall not be transmitted electronically over any network, including the Internet, intranet, or LAN. The receiving Party may request that one stand-alone computer ("Source Code Deposition Computer") be provided at a deposition for use during the deposition of a witness who would otherwise be permitted access to Source Code Material. Such requests shall be made at least five (5) days before the deposition. Any request under this provision shall (i) identify the deposition witness, date, time, and location; and (ii) specify, by Bates number or other unique identifier used in production, the specific printed-and-produced copies of Source Code material to be accessible on the Source Code Deposition Computer, provided that the copies of Source Code Material are not more than reasonably necessary to conduct the deposition. For avoidance of doubt, the Source Code Deposition Computer will only contain copies of the specific Source Code Material identified by the receiving Party at least five (5) days before the deposition and that have already been printed and produced at least five (5) days before the deposition. Copies of printed Source Code Material marked as deposition exhibits may be provided to the court reporter during the deposition but shall not be retained by the reporter or attached to transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code Material used as deposition exhibits shall remain with the producing Party's outside counsel.

(i)     The receiving Party may make printouts and photocopies of limited portions of Source Code Material, up to 550 pages total and no more than 30 consecutive pages, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," provided that such printouts and photocopies are: (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (3) necessary for deposition, or (4) necessary to prepare and develop claims, contentions, and defenses in the case. If the Receiving Party reasonably believes it is necessary to print more, the parties shall meet and confer in good faith to resolve the issue. The receiving Party shall maintain a log of all files printed or photocopied (identifying date, file/path, and number of pages), and shall make the log available upon reasonable request for audit purposes. Any printouts or photocopies of Source Code Material must be made on colored (i.e., non-white) paper. The stand-alone computer(s) may be connected to a printer for this limited purpose. Outside counsel may make a limited number of copies of printed pages as reasonably necessary for filings, depositions, hearings, or trial, provided that such copies remain secured as set forth herein. Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such.

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such individuals keep the printouts or photocopies in a secured, locked area in their offices. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies.

(k)     Except as provided in this Order, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of Source Code Material from any paper copy for use in any manner. The receiving Party shall not include excerpts of Source Code Material in correspondence between the Parties (references to production numbers shall be used instead), and shall omit images or copies of Source Code Material from pleadings and other papers unless reasonably necessary. If included, the documents must be appropriately marked, restricted to those entitled to access, include the minimal necessary amount, and, if filed, be filed under seal. Wherever possible, the receiving Party will make a reasonable and good-faith efforts to limit information to references to production numbers, file names, and line numbers.

(l)     The producing Party shall provide a reasonable set of software tools on each stand-alone computer to view and search human-readable Source Code Material. The producing Party shall provide a list of such tools five (5) business days prior to the availability of Source Code Material. The receiving Party may request that additional commercially available software tools be installed on the stand-alone

12

computers, provided that (a) the receiving Party possesses an appropriate license to such tools; (b) the producing Party approves such tools, such approval not to be unreasonably withheld; and (c) such tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with this Order. The receiving Party must provide licensed software tool(s) at least three (3) business days in advance of the requested installation date.

15.    Prosecution Bar. Absent written consent from the designating Party, any outside counsel representing a Party and any person associated with a Party and permitted to receive the other Party's Highly Sensitive Material, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Highly Sensitive Material under this Order shall not thereafter prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. The prohibitions in this paragraph do not preclude participation in reexamination, *inter partes* review, interference, or post-grant review proceedings, provided that any attorney with access to Highly Sensitive Material may not advise, consult, or participate in the drafting of amended or substitute claims, and will not use any Highly Sensitive Material in such proceedings. For sake of clarity, all attorneys of any Party may participate, supervise, and assist in any and all post-grant review proceedings (*e.g.*, reexamination, *inter partes* review) related to the patents-in-suit, even if they have received and/or reviewed the Highly Sensitive Material, provided that they do not participate or provide guidance on any claim drafting or amendment of claims in such proceedings. This provision shall not bar entire firms, rather only the individuals who actually review or learn the substance of a Party's Highly Sensitive Material.

13

16.     <u>Privilege and Clawback</u>. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The production or disclosure of any information that a producing Party later claims should not have been produced due to a privilege or protection from discovery (including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege) shall not be deemed to waive any such privilege or protection. If a receiving Party receives information it believes may be subject to a claim of privilege or protection from discovery, it shall promptly identify the information to the producing Party. When a producing Party identifies such information as privileged or protected, the receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom it was disclosed; (3) shall, within five (5) business days of the producing Party's request, return or destroy the information and all copies; and (4) shall confirm destruction under of all copies not returned. No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived. Within three (3) business days after providing notice of the disclosure, the producing Party shall provide a log that describes the basis for the claim of privilege or protection. Within five (5) business days thereafter, a Party disputing a claim of privilege shall provide in writing the identification of the information at issue and the reasons (including legal support) for its assertion that the information is not privileged, or that any privilege has been waived by some act other than production. Within three (3) business days thereafter, the Parties shall meet and confer in good faith as to the claims of privilege. Within five (5)

14

business days after the meet and confer, and not thereafter, the receiving Party may file a motion to compel the production of the information. For the avoidance of doubt, backup or disaster-recovery systems need not be purged; however, no use shall be made of any such materials retrieved from backup systems unless otherwise ordered by the Court.

17.    Use of Artificial Intelligence (AI) Tools. The Parties agree that they may utilize AI tools, including, but not limited to, legal research, document review, and analysis platforms such as Harvey, in connection with the review, analysis, and management of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that: (1) the Party uses the AI tool only through a proprietary, private, and secure environment licensed exclusively for that party; (2) the AI tool is operated in a manner that maintains the confidentiality of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials in accordance with this agreement; (3) the AI tool and any associated service provider shall not use, access, or retain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials for any purpose other than to provide the contracted services to the Party; (4) the AI tool shall not use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials to train its models or for any other purpose unrelated to this litigation; (5) the use of the AI tool shall not result in disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials to any person or entity not otherwise authorized under this Order; and (6) the AI tool is capable of purging, deleting, and/or destroying any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials in compliance with Paragraph 27 of this Order.  Nothing in this paragraph shall

be interpreted as expanding the categories of authorized recipients set forth in paragraphs 6, 11, 12, and 13 above. The Parties may not use AI tools in connection with the review, analysis, and management of materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE". For the avoidance of doubt, this paragraph does not preclude the installation and use of software tools or applications that have AI capabilities that are disabled during source code review. The Parties reserve the right to further discuss the use of AI tools if issues arise regarding the use of AI tools that are not expressly contemplated herein.

18.    Inadvertent Unauthorized Disclosure. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify the designating Party in writing of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; and (b) use best efforts to retrieve all unauthorized copies of the Designated Material and to ensure that no further or greater unauthorized disclosure and/or use occurs.

19.    Use at Depositions or Hearings. Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing, provided that the Designated Material is only disclosed to a person(s) who is eligible to have access to such material under this Order. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel for the producing Party or from the Court.

20.    Deposition/Hearing Designations. Parties may, at a deposition or hearing or within ten (10) days after receipt of a deposition or hearing transcript, designate the transcript or any

portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Access to the transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 10-day period and unless previously designated, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21. Filing Under Seal. Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall inform the Clerk that the filing should be sealed and shall place the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pleading filed with the Court, or an exhibit thereto, discloses or relies on Designated Material, such portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly.

22. Trial. This Order applies to pretrial discovery. Nothing herein shall be deemed to prevent the Parties from introducing any Designated Material into evidence at trial, or from using any information contained in Designated Material at trial, subject to any pretrial order issued by this Court. The Parties may request that the Court seal the courtroom or enact other measures to prevent unauthorized disclosure of Designated Material during hearings or trial.

23. Challenges to Designations. A Party may request in writing that the designation given to any Designated Material be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party

17

may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37. Pending the Court's determination or mutual agreement, the designation shall be maintained.

24.    Expert Undertakings. Each outside consultant or expert to whom Designated Material is disclosed shall be advised by counsel of the terms of this Order, informed that he or she is subject to the terms and conditions of this Order, and shall sign the acknowledgment attached as Appendix A.

25.    Third Parties. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. Information originating with a Third Party and in a producing Party's custody or control that the producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated and treated in accordance with this Order, thus satisfying any confidentiality obligations to that Third Party.

26.    Third-Party Designations. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material produced or given by such Third Parties. The Third Parties shall have ten (10) days after production to make such

18

a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all such materials shall be treated as "CONFIDENTIAL."

27. <u>Final Disposition</u>. The provisions of this Order shall continue to be binding after final termination of this Action until a producing Party agrees otherwise in writing or a court order otherwise directs. Within thirty (30) days of final termination of this Action, including any appeals, all Designated Material stored in electronic form in the possession of a receiving Party including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof, shall be taken "offline," meaning that any access to those materials available via login over the public Internet (for example, login to an e-discovery vendor hosting Designated Material) shall be removed. Within sixty (60) days of final termination of this Action, including any appeals, all Designated Material in the possession of a receiving Party, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into privileged memoranda and materials admitted into evidence), shall be destroyed, with the exception that any Source Code shall be returned to the producing Party. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon request.

28. <u>Reservation of Rights</u>. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude a later motion seeking to impose or challenge such designation. The entry of this Order and/or the production of documents, information, and material protected hereunder shall in no way constitute a waiver of any objection to the furnishing thereof.

19

29.   Enforcement and Data Breach Notice: Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for appropriate relief. Pending disposition of the motion, the Party alleged to be in violation shall discontinue the performance of, and shall not undertake the further performance of, any action alleged to constitute a violation of this Order. In the event the receiving Party becomes aware of any potential, suspected, apparent, or actual unauthorized access to Designated Material, including any "data breach" of Designated Material, the receiving Party shall immediately provide written notice of the potential, suspected, apparent, or actual unauthorized access to the producing Party. "Immediately" for purposes of this paragraph shall be defined to mean "as soon as reasonably possible" and, in any event, no longer than three (3) business days from the date of first awareness. The written notice shall include complete information regarding the potential, suspected, apparent, or actual unauthorized access, including all applicable facts and circumstances leading up to and resulting from the potential, suspected, apparent, or actual unauthorized access. The receiving Party will reasonably cooperate to investigate the potential, suspected, apparent, or actual unauthorized access. Neither Party waives any rights that would otherwise be available to them to seek compensation for actual unauthorized access. Such rights include the right of the producing Party to seek an order from the Court that the receiving Party shall bear the losses and expenses (including any attorneys' fees) associated with actual unauthorized access.

30.   No Publication. Production of Designated Material shall not be deemed a publication so as to void or make voidable any claim of confidentiality or proprietary status.

31.   <u>Privileges Preserved</u>. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of the Parties to assert any applicable discovery or trial privilege.

32.   <u>Jurisdiction and Venue for Enforcement</u>. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by this Court.

33.   <u>Modifications</u>. Each Party retains the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Designated Material.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| **Plaintiff,** | **No. 2:25-cv-1228-JRG-RSP** |
| **vs.** | |
| **MICROSOFT CORPORATION,** | **JURY TRIAL** |
| **Defendant.** | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My current address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of this action, I will return or destroy all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1

ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____